## Bassett v. O'Neil Coke & Coal Company.

(Decided October 19, 1910.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Sureties—Consideration—Liability on Note.—Whether appellant was surety on the note executed to the Falls City Brick Manufacturing Co. and endorsed by it to appellee, or was surety for the Falls City Brick Manufacturing Co. on a note executed to appellee, his liability would be the same. While there was no consideration moving to appellant, there was a consideration moving to his principal, and that was sufficient to make appellant liable on the note.

2. Lien—Facts Shown—Laches.—The answer does not allege facts sufficient to show that appellant had a lien or was entitled to a lien upon the property of the Falls City Brick Manufacturing Co. to secure the debt evidenced by the note, and it would be necessary to show the existence of a lien before any laches could be imputed to appellee.

JAMES R. DUFFIN and PAUL BLACKWOOD for appellant.

TAYLOR & McKEE for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Appellee, O'Neil Coal & Coke Company, instituted this action in the Jefferson circuit court, against W. F. Gregory and E. R. Bassett, to recover on the following note:

"Louisville, Ky., Nov. 2, 1909, $500.00.

"Four months after date for value received we or either of us promise to pay to the order of the Falls City Brick Manufacturing Company five hundred dollars, negotiable and payable at the Continental National Bank of Louisville, Kentucky. And all parties hereto waive notice of protest, demand and notice of nonpayment of this paper if not honored at maturity. Interest after maturity until paid.

"W. F. GREGORY,
"J. F. CONNOR,
"E. R. BASSETT,
                    "Sureties."

Appellant defended on two grounds: First, that the note was executed by mutual mistake; that the Falls City

Brick Manufacturing Company was the real principal of the note, that the O'Neil Coal & Coke Company was the payee in the note, and that he was simply a surety thereon; that by mutual mistake, the Falls City Brick Manufacturing Company was made the payee in the note instead of the O'Neil Coal & Coke Company, as was intended by all the parties at the time, and that the note was without consideration as far as the appellant was concerned. Appellant's second ground of defense was that the note was given in payment of coal furnished by the appellee to the Falls City Brick Manufacturing Company, which was a manufacturing concern and which, after the execution of the note, was forced into bankruptcy; that by virtue of section 2487, 2488, 2489, 2490 and 2491, Ky. Stats., appellee had a lien upon the assets of the Falls City Brick Manufacturing Company for its payment, and that by reason of its laches in failing to pursue its remedy against the bankrupt estate, by enforcing said lien, appellant, as one of the sureties upon said note, was released. Upon filing his answer, appellant moved to have the case transferred to equity. This motion was resisted by appellee, and the court declined to transfer the case. Appellee demurred to each paragraph of the answer, and the demurrer was sustained. Having declined to plead further, judgment was given in favor of appellee. From that judgment this appeal is prosecuted.

The court did not err in refusing to transfer the case to the equity docket. Even if the note should be reformed to meet the allegations of the first paragraph of the answer, it would in no way affect appellant's liability thereon. Whether appellant was surety on the note executed to the Falls City Brick Manufacturing Company and indorsed by it to appellee, or was surety for the Falls City Brick Manufacturing Company on a note executed to appellee, his liability would be the same. While there was no consideration moving to appellant, there was a consideration moving to his principal, and that was sufficient to make appellant liable on the note. As the first paragraph of the answer presented no defense, the court properly sustained a demurrer thereto.

Without passing upon the question, whether or not appellee's failure to prosecute its alleged lien claim against the bankrupt Falls City Brick Manufacturing Company in time to participate in the assets of that company as a lien-claimant would release appellant from lia-

bility on the note, we deem it sufficient to say, in answer to appellant's contention that this paragraph of the answer presented a good defense, that the allegations of the answer to the effect that the Falls City Brick Manufacturing Company was a manufacturing concern and that appellee, under the provisions of the sections of the Kentucky Statutes referred to above, had a lien upon the property of the Falls City Brick Manufacturing Company to secure the debt evidenced by said note, is simply a conclusion of the pleader. The answer does not allege facts sufficient to show that appellee had a lien or was entitled to a lien. As this paragraph of the answer is predicated on the idea that appellee would have been entitled to a portion of the bankrupt's assets as a lien-claimant only, and as the facts alleged are not sufficient to show that appellee had acquired, or was entitled to such lien, we conclude that the answer is defective. Even under appellant's theory of the case, it would be necessary to show the existence of a lien before any laches could be imputed to appellee.

Judgment affirmed.